# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6319 | **DATE** | 5/4/2004 |
| **CASE TITLE** | Christides vs. Zuckerman, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The government's motion to dismiss plaintiff's complaint is granted. Dismissal of plaintiff's claims against the United States is with prejudice. The Court declines to exercise supplemental jurisdiction over Christides' remaining state law claims against Zuckerman and remands the case to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 0 6 2004 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials jj | 2004 MAY -5 AM 12:54 U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES CHRISTIDES,           )
                            )
        Plaintiff,           )
                            )
    v.                      )    No. 03 C 6319
                            )
MARY M. ZUCKERMAN and THE UNITED )   Judge Rebecca R. Pallmeyer
STATES OF AMERICA,          )
                            )
        Defendants.          )

## MEMORANDUM OPINION AND ORDER

James Christides filed suit against Mary M. Zuckerman and the United States alleging that he was injured when Zuckerman negligently drove her vehicle into the lobby of a post office and struck him. The government has moved to dismiss the complaint for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). For the reasons set forth here, the motion is granted.

## BACKGROUND

Christides claims that he was injured on August 16, 2001 when Zuckerman, who is not affiliated with the United States Postal Service ("USPS"), negligently drove her vehicle into a post office lobby in Niles, Illinois and struck him. (Cmplt. ¶¶ 1, 2.) He further claims that the USPS negligently maintained its facility which, among other things, caused a stack of boxes to fall on him during the accident. (Id. ¶ 11.) On August 11, 2003, Christides' attorney sent a Notice of Attorney's Lien and Claim to Donna Griffin, a USPS Tort Claims Coordinator authorized to receive, investigate, and adjudicate administrative tort claims filed against the USPS. (Griffin Decl. ¶ 1; PX A, Letter from Syregelas to Griffin of 8/11/03.) That notice, which Griffin received on August 14, 2003, stated that Christides had "placed in the hands of Nicholas C. Syregelas, as his attorney, for suit or collection, a claim, demand, or cause of action against the [USPS] arising from injuries sustained on your property" on August 16, 2001. (PX A, B.) The notice advised the USPS that

Christides had agreed to pay "a fee equal to one third of whatever amount may be recovered therefrom by suit or settlement, and that we claim a lien upon said sum, demand, or cause of action for such fee." (PX A.) The notice further asked the USPS to forward the letter to its insurance carrier or to contact Mr. Syregelas. (*Id.*)

Two days after sending that letter, on August 13, 2003, Christides filed a negligence complaint against Zuckerman and the USPS in the Circuit Court of Cook County, Illinois. On September 3, 2003, Mr. Syregelas sent Griffin a Standard Form 95 Claim for Damage, Injury or Death describing the incident on August 16, 2001 and the injuries Christides allegedly sustained as a result, and requesting $7,580.07 in damages. (PX C.) On September 8, 2003, the government removed Christides' case to federal court and substituted the United States for the USPS as a defendant pursuant to 28 U.S.C. § 2679. On October 15, 2003, Christides sent Griffin an amended Standard Form 95 requesting damages in the amount of $30,000 to cover pain and suffering. (PX D.)

The United States now seeks dismissal with prejudice under FED. R. CIV. P. 12(b)(1) for failure to exhaust administrative remedies under the FTCA within the prescribed limitations period.[1]

## DISCUSSION

The FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679. An injured party may not file an action under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675. *See also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[t]he FTCA bars claimants from bringing suit in federal

---

[1] Zuckerman answered the complaint on December 18, 2003.

2

court until they have exhausted their administrative remedies"). That administrative claim must be filed within two years after the claim accrues or it is "forever barred." 28 U.S.C. § 2401(b). *See also Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997).

Federal regulations define "claim" to include four elements: (1) written notification of an incident; (2) a claim for money damages in a sum certain; (3) the title or legal capacity of the person signing; and (4) evidence of that person's authority to represent the claimant. 28 C.F.R. § 14.2(a). *See also Kanar*, 118 F.3d at 528. After a claim has been filed, an injured party cannot file suit against the United States until the appropriate federal agency has reached a final disposition of the matter. "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).

It is undisputed that on August 14, 2003, two days before the two-year statute of limitations expired on Christides' claim, the USPS received his August 11, 2003 Notice of Attorney's Lien and Claim. That letter referred generally to "injuries sustained on [USPS] property" on August 16, 2001 and indicated that Mr. Syregelas was representing Christides with his claim. (PX A.) The notice provided no information regarding the location or nature of the accident, nor did it state a "sum certain" in damages. That information came by letters dated September 3 and October 15, 2003. (PX C, D.)[2] The question for this court is whether the August 11, 2003 letter sufficed as a "claim" under the FTCA. If it did, Christides' August 13, 2003 suit against the United States was merely premature – the USPS did not have six months to first dispose of the claim – and must be

---

[2] The court notes that relevant details were set forth in Plaintiff's complaint, filed August 13, 2003. Neither party has suggested that the complaint (which was not served on the United States until August 18, 2003) might constitute the required written notice.

3

dismissed without prejudice. (Pl. Response ¶ 13; Def. Reply, at 2.)[3] If, however, it did not, the case against the United States is untimely and must be dismissed with prejudice.

The government argues that the August 11, 2003 letter did not constitute "written notification" of an FTCA claim because it lacked "any information regarding the nature or location of the incident" and failed to state a "'sum certain' to compensate Christides for his injuries." (Def. Reply, at 3.) In the government's view, the USPS first received notice of Christides' "claim" on or about September 3, 2003, well after the two-year statute of limitations expired, when his attorney sent the Standard Form 95. (*Id.*) Christides responds that the August 11, 2003 letter did constitute a valid FTCA "claim" which he properly amended on September 3 and October 15, 2003. (Pl. Response ¶¶ 2, 4, 6, 7) (citing 28 C.F.R. § 14.2(c)) ("[a] claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a)"). Citing *Schmidt v. United States*, 933 F.2d 639, 640 (8th Cir. 1991), Christides asserts that failure to comply with the statute of limitations is "merely an affirmative defense, which the defendant has the burden of establishing." (Pl. Response ¶ 10.) He also claims that the statute of limitations is subject to equitable tolling. (*Id.* ¶ 9.)

Though not cited by either party, in this court's view, the Seventh Circuit's decision in *Kanar v. United States* is most instructive on this issue. The plaintiff in *Kanar* filed an administrative demand that did not establish the attorney's authority to represent him. 118 F.3d at 528. With three months to go in the two-year statute of limitations, the agency asked the attorney to provide such evidence but he ignored the request. Nine months after the statute of limitations expired, the attorney finally submitted a signed power of attorney. *Id.* By then, the agency had closed the file,

---

[3]  Plaintiff's Response to the United States' Motion to Dismiss Complaint is cited as "Pl. Response ¶ __." The government's Reply in Support of United States' Motion to Dismiss Complaint is cited as "Def. Reply, at __."

4

"a reasonable response to the disdain of a reasonable request." *Id.* at 531. The Seventh Circuit held that it is "possible to litigate under the FTCA following an administrative demand that does not comply with every jot and tittle of the rules defining a 'claim'" as long as the omissions do not "frustrate the process of conciliation and settlement that the administrative demand is supposed to initiate." *Id.* at 530, 531. The attorney's delay in providing the power of attorney thwarted that settlement process because the agency simply closed the file. The court found that counsel's noncompliance with 28 C.F.R. § 14.2(a) "did not turn out to be harmless" and affirmed dismissal of the plaintiff's suit for lack of a good administrative claim. *Id.*

Following *Kanar*, courts in this district have held that failure to set forth a sum certain in an administrative demand similarly warrants dismissal under certain circumstances. In *Laughlin v. Commissioner of Patents and Trademarks*, No. 98 C 535, 1999 WL 203286 (N.D. Ill. Mar. 31, 1999), the plaintiff claimed to have filed an administrative demand with the Commissioner of Patents and Trademarks by petitioning for review of a decision that an affidavit he filed to maintain a service mark was defective. *Id.* at *1, 3. Because the petition did not demand any sum certain, the court held that it did not suffice as a "claim" under the FTCA. *Id.* at *3. The court apparently viewed the "sum certain" requirement as immutable. *But see Kanar*, 118 F.3d at 529 ("statutory exceptions for newly discovered evidence and intervening facts suggest more flexibility than a sum-certain requirement tolerates").

The court in *Oyesile v. United States*, No. 00 C 6499, 2002 WL 22009 (N.D. Ill. Jan. 8, 2002) recognized greater leeway in what suffices as a "claim" but nonetheless reached the same conclusion. In *Oyesile*, federal agents entered the plaintiff's home, arrested him, and seized, among other things, several items of jewelry. *Id.* at *1. After unsuccessful efforts to get the items back pursuant to motions before the district court hearing his case, the plaintiff filed an administrative claim with the FBI. The government failed to respond for six months, and then

5

rejected the claim. *Id.* The plaintiff sued the government and three FBI agents alleging, among other things, claims under the FTCA, and the defendants moved to dismiss the FTCA claims for failure to exhaust administrative remedies. *Id.*

The court first noted that "[f]ailure to strictly comply with the[] requirements [of 28 C.F.R. § 14.2(a)] will not foreclose litigation, unless the failure hinders the settlement process." *Id.* at *3 (citing *Kanar*, 118 F.3d at 530-31). The plaintiff's claim included a laundry list of property items he sought to recover, but the FBI was "left to idly speculate as to their value." *Id.* at *3. The plaintiff was represented by counsel and knew "full well" the value of his property, yet he failed to "even allude to a dollar figure in his claim." *Id.* at *5. In the court's view, "[i]t is impossible to make a settlement offer if you have no idea what a claimant seeks." *Id.* The court found the case to be "a close one," but held that the plaintiff's failure to include a sum certain "undermined the settlement process" and justified dismissal of the FTCA claims. *Id.* See also *Ward v. United States*, 1 Fed.Appx. 511, 513-14, 2001 WL 30500, at *2 (7th Cir. 2001) ("Kimberly's Standard Form 95 did not include a sum certain, let alone any other details that might have informed the agency of the amount of damages she sought from the government. Given that the purpose of requiring administrative exhaustion is to provide the government with sufficient notice to investigate the claim and prepare for settlement negotiations, . . . Kimberly's claim falls significantly short of that goal").

Other Courts of Appeals have similarly required strict adherence to the "sum certain" requirement for administrative claims. In *Coska v. United States*, 114 F.3d 319 (1st Cir. 1997), a pedestrian slipped and fell on property owned by the United States Marshals Service. *Id.* at 320. Her attorney sent letters to the Marshals Service and its property management company advising them of the accident and describing her injuries. Neither letter, however, set forth the amount of damages claimed. *Id.* at 320-21. The Marshals Service notified the pedestrian that she needed to submit a claim for damages in a "sum certain" but she never complied with the request. *Id.* at

6

321. Two and a half years later, she filed suit under the FTCA. In affirming dismissal of the case, the First Circuit stated that "[a] timely filed sum certain claim is a jurisdictional prerequisite for a tort action against the federal government." *Id.* at 322. As the court explained,

> [t]he purpose of the sum certain requirement goes beyond mere administrative convenience; it is to apprise the government of its possible liability and to provide the government with notice "sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all."

*Id.* (quoting *Corte-Real v. United States*, 949 F.2d 484, 486 (1st Cir. 1991)). The letter to the Marshals Service failed to achieve that objective because it did not include a sum certain. *Id. See also Zuber v. United States*, 229 F.3d 1155 (Table), 2000 WL 1276895, at *2-3 (6th Cir. 2000) (where none of plaintiff's letters included a request for a specific amount of damages, her notice did not satisfy the "sum certain" requirement for statutory notice under the FTCA).

The Fourth Circuit reached a similar conclusion in *Kokotis v. United States Postal Service*, 223 F.3d 275 (4th Cir. 2000). After allegedly being injured in a car accident with a postal service employee, Evelyn Kokotis sent a Standard Form 95 to the USPS that did not include a sum certain in damages. *Id.* at 277-78. Four months after the statute of limitations expired but prior to final agency action, Kokotis submitted a revised Form 95 requesting $19,000. *Id.* at 278. The USPS denied her claim and she filed suit under the FTCA. The district court dismissed the case for "failure to identify a sum certain within the two-year statute of limitations." *Id.* The Fourth Circuit affirmed, noting that the sum certain requirement "allows an agency to assess a claim's settlement value," which purpose "is frustrated if the administrative claim does not indicate a specific amount of money." *Id.* at 279. The court found it significant that Kokotis failed to provide the sum certain within the limitations period, and declined to view the revised Form 95 as an amendment that related back to her earlier filing:

> The regulation states that "a claim shall be deemed to have been presented when the U.S. Postal Service receives . . . *a claim for money damages in a sum certain* . . ." 39 C.F.R. § 912.5(a) (emphasis added). Since Kokotis' December 1995 filing

7

> did not include a sum certain, it was not "presented" within the meaning of § 912.5(a). The regulation further states that only a "claim *presented in compliance with [§ 912.5(a)]*" can be amended before final agency action. 39 C.F.R. § 912.5(b) (emphasis added).

*Id.* at 280. The court also declined to equitably toll the statute of limitations because such tolling "is appropriate only where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *Id.* (internal quotations omitted).

In this case, the August 11, 2003 letter failed to allude to any dollar figure regarding Christides' claim, or even to set forth the nature of the accident he suffered on August 16, 2001. He and his attorney clearly had that information, however, because two days later on August 13, 2003, Christides filed a detailed complaint seeking in excess of $50,000 from the USPS. Several weeks after that, moreover, on September 3, 2003, Christides filed a Standard Form 95 asking for $7,580.07 in medical expenses, which he later amended to $30,000 to include pain and suffering. The USPS could not have made a reasonable settlement offer based on the August 11, 2003 letter. *See Oyesile*, 2002 WL 22009, at *5 ("[i]t is impossible to make a settlement offer if you have no idea what a claimant seeks"). Indeed, the August 11 letter failed even to put the USPS on notice of the type of injuries Christides sustained or the cause of those alleged injuries. *See, e.g., Palay v. United States*, 349 F.3d 418, 427 (7th Cir. 2003) ("[u]nder the law of this circuit, because Palay did not include facts in his Form 95 from which a legally sophisticated reader might have discerned that he had received inadequate medical treatment, it would appear that Palay did not exhaust his administrative remedies with respect to his medical claim").

The court recognizes that in the absence of the statute of limitations, there would be little basis to an argument that Christides' conduct hindered the settlement process; as noted, the USPS had full details of Christides' claim by September 3, 2003, well within the six-month time period for processing administrative demands under 28 U.S.C. § 2675(a). When the statute of limitations ran out, however, the USPS lacked sufficient information to proceed with the claim and Christides had

gone forward with his lawsuit in any event. As a result, Christides "frustrate[d] the process of conciliation and settlement that the administrative demand is supposed to initiate." *Kanar*, 118 F.3d at 531. As for the doctrine of equitable tolling espoused by Christides, it "does not provide aid to those plaintiffs who fail to research the requirements of bringing a lawsuit." *Hoosier Bancorp of Indiana, Inc. v. Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996). Nor does the September 3, 2003 Form 95 constitute an amendment that relates back to the August 11, 2003 filing. (Pl. Response ¶¶ 2-4, 6, 7.) Only a claim "presented" can be amended, and "[s]ince [Christides' September 3, 2001] filing did not include a sum certain, it was not 'presented' within the meaning of § 912.5(a)." *Kokotis*, 223 F.3d at 280. Christides' failure to file a proper administrative demand within the prescribed limitations period "did not turn out to be harmless" and his suit against the government must be dismissed with prejudice. *Kanar*, 118 F.3d at 531.

## CONCLUSION

For the reasons stated above, the government's motion to dismiss Plaintiff's complaint (Docket No. 2-1) is granted. Dismissal of Plaintiff's claims against the United States is with prejudice. The court declines to exercise supplemental jurisdiction over Christides' remaining state law claims against Zuckerman and remands the case to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c).

ENTER:

Dated: May 4, 2004

REBECCA R. PALLMEYER
United States District Judge

9